# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10920
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL HALL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-9

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Hall appeals the sentence imposed following his guilty plea conviction for possession with the intent to distribute more than 50 grams of methamphetamine. Hall argues that the district court increased his offense level under U.S.S.G. § 3C1.1 and denied him a reduction for acceptance of responsibility based on an erroneous finding that he obstructed justice by committing perjury at the sentencing hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the recent Supreme Court decisions of Gall v. United States, 128 S. Ct. 586 (2007), Rita v. United States, 127 S. Ct. 2456 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), did not alter this court's review of the district court's construction of the Guidelines or findings of fact, see United States v. Cisneros-Guiterrez, ___ F.3d ___, 2008 WL 383024 at *8 (5th Cir. Feb. 13, 2008), the district court's interpretation and application of the sentencing guidelines are reviewed de novo, and its factual findings are reviewed for clear error.  United States v. Juarez Duarte, 513 F.3d 204, 208 (5th Cir. 2008) (per curiam) (post-Gall and Kimbrough).

The district court did not clearly err in finding that Hall committed perjury regarding the amount of methamphetamine attributable to him because the finding is supported by the testimony of Danny Paine and the information contained in the PSR.  Moreover, the district court's finding that Hall intentionally provided false testimony on a material issue with the intent to persuade the court to lower his sentence provided the requisite elements of a perjury determination and warranted application of the enhancement under § 3C1.1 and a denial of acceptance of responsibility.  See United States v. Dunnigan, 507 U.S. 87, 94-95 (1993).

AFFIRMED.